IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-631-FL

| | |
|---|---|
| MARK E. McGILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| THE TOWN OF COATS, | ) |
| DUNCAN EDWARD JAGGERS, | ) |
| KELLY W. FIELDS, and ANDY C. LEE, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on the motion of deceased plaintiff's mother and administratix of his estate Elizabeth Sue Davis ("Davis") to substitute party pursuant to Federal Rule of Civil Procedure 25(a) (DE # 65). Defendants have responded in opposition and plaintiff has replied. For the reasons stated below, Davis' motion is granted in part and denied in part.

## STATEMENT OF THE CASE

The instant matter has its genesis in a complaint filed October 1, 2011, by Derek Ballentine ("Ballentine"), David Strickland, and Connie Strickland ("the Stricklands") against the Town of Coats ("Coats"), Duncan Edward Jaggers ("Jaggers"), Kelly W. Fields ("Fields"), Kenneth M. Storichs ("Storichs"), Andy C. Lee ("Lee"), and Michael Blackman ("Blackman") (collectively "pre-severance defendants") (DE # 1). Ballentine and the Stricklands asserted twenty claims related to their separate respective arrests and institutions of criminal proceedings against them.

On January 19, 2012, an amended complaint was filed, adding as a plaintiff Mark E. McGill ("plaintiff") (DE # 40). Plaintiff made thirteen state and federal claims against Coats, Jaggers, Fields

and Lee (collectively "defendants") also arising out of arrests and the institution of criminal proceedings against him. His state law claims were individual and official capacity state law claims for false arrest / false imprisonment (counts one and six), and malicious prosecution (counts four and nine), an alternative official capacity direct claim under the North Carolina Constitution (count eleven), an individual capacity state law punitive damages claim (count twelve), and an official capacity negligent hiring, retention, and supervision claim (count thirteen). Plaintiff's federal claims, made pursuant to 42 U.S.C. § 1983, were for retaliation for engaging in protected speech (count fourteen), unlawful arrest, detention, and initiation of criminal proceedings (count sixteen), conspiracy to deprive plaintiff of his civil rights (count seventeen), supervisory liability (count eighteen), and municipal liability claims for violation of constitutional rights by a decision maker and for failure to train and supervise (counts nineteen and twenty)

On March 7, 2012, pre-severance defendants moved to sever Ballentine's claims, the Stricklands' claims, and plaintiff's claims into three separate actions (DE # 52). During the pendency of said motion, on July 18, 2012, plaintiff died. On August 9, 2012, Davis filed a suggestion of death (DE # 61), which was served upon all parties and upon Davis that day. Shortly thereafter, on August 16, 2012, Davis, along with Ballentine and the Stricklands, filed a motion to substitute Davis for plaintiff (DE # 65). A response in opposition was filed (DE # 72), to which Davis, Ballentine, and the Stricklands replied.

On September 26, 2012, the court entered order granting the pre-severance defendants' motion to sever (DE # 75). Said order stayed further progress in this case pending a ruling on the instant motion to substitute Davis for plaintiff. Issues being ripe for ruling, the court takes up the motion at this time.

2

**COURT'S DISCUSSION**

A.  Standard of Review

Federal Rule of Civil Procedure 25(a) governs the substitution of a party in case of death where the case is already pending before the court. It provides:

**(a) Death**

> ***(1) Substitution if the Claim Is Not Extinguished.*** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> ***(2) Continuation Among the Remaining Parties.*** After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> ***(3) Service.*** A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a). The use of federal or state law to determine the survival of a claim depends on the nature of the claim. Where a federal question is presented federal law governs survival; where a claim is made under state law, state law governs survival. Fariss v. Lynchburg Foundry, 769 F.2d 958, 962 n.3 (4th Cir. 1985).

Survival of claims made pursuant to 42 U.S.C. § 1983 are governed by 42 U.S.C. § 1988, which in turn provides the applicable law is that of the forum state, as long as that law is "not inconsistent with the Constitution and laws of the United States." See Robertson v. Wegmann, 436 U.S. 584, 588-89 (1978); see also Dean v. Shirer, 547 F.2d 227, 229 (4th Cir. 1976) (Looking to the

3

law of South Carolina, the forum state, to determine if decedent plaintiff's cause of action under § 1983 survived). Thus, whether a § 1983 cause of action survives turns on whether an analogous state law cause of action survives under forum state law. See Dean, 547 F.2d at 229-30 (examining which cause of action plaintiff's § 1983 claim was most analogous to in order to determine if the claim survived); see also Bass ex rel. Lewis v. Wallenstein, 769 F.2d 1173, 1188 (7th Cir. 1985) ("[T]he court is to look to the most closely analogous state law to determine survivability."); Jones v. George, 533 F. Supp. 1293, 1300 (S.D.W.Va. 1982) ("[t]he survivability of a § 1983 cause of action must be determined by deciding whether an identical or analogous cause of action would survive under state law.").

B.  Analysis

In this case, no party contests the fact that Davis is a proper party to be substituted. See Fariss, 769 F.2d at 961-62 (noting administratrix of estate was proper party to move for substitution under Rule 25(a)(1)). Nor is there any dispute that the motion to substitute was properly made and served within 90 days of the suggestion of plaintiff's death. Which, if any, of plaintiff's claims survived his death, however, is hotly contested by the parties.

Defendants contend that all claims abated with plaintiff's death. Davis maintains all claims, in some fashion, survive plaintiff's death. As Rule 25(a)(1) provides that substitution is only proper for claims that are not extinguished, defendants argue that substitution of Davis is improper as they argue that all of plaintiff's claims abated with his death.

N.C. Gen. Stat. § 28A-18-1, which governs the survival of state law claims, provides as follows:

(a) Upon the death of any person, all demands whatsoever, and rights to prosecute or

4

defend any action or special proceeding, existing in favor of or against such person, except as provided in subsection (b) hereof, shall survive to and against the personal representative or collector of the person's estate.

(b) The following rights of action in favor of a decedent do not survive:

(1) Causes of action for libel and for slander, except slander of title;

(2) Causes of action for false imprisonment;

(3) Causes of action where the relief sought could not be enjoyed, or granting it would be nugatory after death.

Where all of plaintiff's claims were made under either North Carolina law or § 1983, § 28A-18-1 controls the survival or abatement of his claims.

1. Plaintiff's false arrest / false imprisonment and direct North Carolina constitutional claims (counts one, six, eleven, and sixteen)

N.C. Gen. Stat. § 28A-18-1(b)(2) specifically provides that claims for false imprisonment do not survive a plaintiff's death. Moreover, "[f]alse arrest is a form of false imprisonment." Fowler v. Valencourt 334 N.C. 345, 348, 435 S.E.2d 530, 532 (1993). Thus, plaintiff's first and sixth counts abated with his death and are properly dismissed. Davis does not dispute this.

As Davis points out, however, plaintiff pleaded an alternative direct claim under the North Carolina Constitution for all alleged unconstitutional deprivations of liberty and imprisonment (count eleven). "In the absence of an adequate state remedy, one whose state constitutional rights have been abridged has a direct claim against the State under our Constitution." Craig ex rel. Craig v. New Hanover County. Bd. of Educ., 363 N.C. 334, 338, 678 S.E.2d 351, 354 (2009) (quotations omitted). Plaintiff's claims for false arrest and false imprisonment did not survive his death, leaving no adequate remedy at state law for alleged deprivations of his constitutional rights. Therefore,

5

plaintiff's estate has a viable direct claim under the North Carolina Constitution for these deprivations. See Estate of Fennell v. Stephenson, 137 N.C. App. 430, 437, 528 S.E.2d 911, 916 (2000) rev'd on other grounds, 354 N.C. 327, 554 S.E.2d 629 (2001) (deceased plaintiff's claim for unlawful detention and seizure survived as a direct claim under the North Carolina Constitution since his common law false imprisonment claim statutorily abated). Thus, as counts one and six abated with plaintiff's death, he has an appropriate direct state constitutional claim in count eleven.

Plaintiff's count sixteen – made under § 1983 and the Fourth and Fourteenth Amendments for arrest without probable cause, unlawful detention, and unlawful initiation of criminal proceedings – is somewhat analogous to his first and sixth counts, and so would typically abate under § 28A-18-1. C.f. Dean, 547 F.2d at 229-30 (holding plaintiff's claim did not abate where it was analogous to the kinds of claims that survived under the law of South Carolina, the forum state). However, as plaintiff has viable direct claims for false arrest / false imprisonment under the North Carolina Constitution under count eleven, count sixteen is most analogous to count eleven and therefore survives. See State v. Vestal, 278 N.C. 561, 577, 180 S.E.2d. 755, 766 (1971), cert. denied, 414 U.S. 874 (1973) ("[T]here is no variance between the law of this State as declared by the decisions of this Court, above cited, and the requirements of the Fourth Amendment as interpreted by the Supreme Court of the United States.")

Thus plaintiff's counts one and six abate, but his false arrest / false imprisonment claims survive as a direct claims against the state under the North Carolina Constitution. Because plaintiff's count sixteen is most analogous to count eleven, it also survives.

6

2. Plaintiff's remaining causes of action (counts four, nine, thirteen, fourteen, seventeen, eighteen, nineteen, twenty)

By its plain language, N.C. Gen. Stat. § 28A-18-1 allows survival of all but a very specific set of claims. § 28A-18-1(a) provides that "all demands whatsoever . . . except as provided in subsection (b) hereof, shall survive." Thus, unless a cause of action is specified in § 28A-18-1(b), it does not abate with a plaintiff's death. See McIntyre v. Josey, 239 N.C. 109, 110-11, 79 S.E.2d 202, 203, (1953) (interpreting similar language of predecessor statute G.S. § 28-172 and holding that "all causes of action survive the death of the person in whose favor or against whom they have accrued, except the causes of action specified."); Brown v. Town of Cary, 706 F.3d 294, 299 (4th Cir. 2013), (§ 28A-18-1 "prescribes a default rule of survival for all claims.").

In this case, other than the claims for false arrest or false imprisonment discussed above, plaintiff's state law causes of action are for malicious prosecution and for negligent hiring, retention, and supervision. Thus, under the plain language of § 28-18-1 and the caselaw interpreting it to broadly allow for survival of claims, these claims survive plaintiff's death. Plaintiff's federal claims – other than count sixteen, considered above – are for retaliation for engaging in protected speech, conspiracy to deprive plaintiff of his civil rights, and failure to train and other supervisory and municipal liability claims. These claims are not identical or analogous to counts one and six, thus they too survive plaintiff's death.

Defendants nonetheless argue that under Cloaninger v. McDevitt, 555 F.3d 324 (4th Cir. 2009), these claims abate. In Cloaninger, the Fourth Circuit ruled that under North Carolina law the plaintiff's claims for false arrest, false imprisonment, *and* assault and battery abated with his death. Defendants reliance on Cloaninger is misplaced. The Cloaninger plaintiff's sole basis for his assault

7

and battery claim was that under North Carolina law "with every false imprisonment allegation, there is necessarily an allegation of assault." Id. at 335 (citing Hoffman v. Clinic Hosp. Inc., 213 N.C. 669, 197 S.E. 161 (1938)). The Fourth Circuit held that "because Cloaninger presents his assault and battery claim as nothing more than the necessary implication, under state law, of his false imprisonment claim, we consider it to be included in the false imprisonment claim abated by his death." Id.

By contrast, plaintiff's remaining causes of action in this case, while related to his claims in counts one and six for false imprisonment / false arrest, involve facts and elements that are not completely encompassed by counts one and six. The remaining causes of action are more than just "the necessary implication" of his false imprisonment claims. Thus Cloaninger does not necessitate the abatement of plaintiff's other causes of action.

3. Punitive damages (count twelve)

In North Carolina, "[a] civil action may not be maintained solely for the purpose of collecting punitive damages but may only be awarded when a cause of action otherwise exists in which at least nominal damages are recoverable by the plaintiff." Shugar v. Guill, 304 N.C. 332, 336, 283 S.E.2d 507, 509 (1981). Despite the fact that punitive damages are a remedy and not a separate cause of action, defendants argue that even where underlying causes of action survive the death of a plaintiff, claims for punitive damages do not. Defendants cite Harrell v. Bowen, 362 N.C. 142, 655 S.E.2d 350, (2008), which held that punitive damages are not available against a deceased defendant.

Harrell is inapposite here. In that case the North Carolina Supreme Court examined N.C. Gen. Stat. § 1D-1, which provides that the purpose of punitive damages is to "punish a defendant for egregiously wrongful acts and to deter the defendant and others from committing similar

8

wrongful acts." Because a decedent defendant "can no longer be punished or deterred for whatever 'egregiously wrongful acts' he may have committed" the court held that a plaintiff may not assert a claim for punitive damages against that defendant's estate. Harrell 362 N.C. at 146.

In this case, all defendants are still alive. Plaintiff's death has no bearing on whether these living defendants can be punished or deterred. Therefore Harrell's rationale is inapplicable and, pursuant to North Carolina's "default rule of survival" of claims, plaintiff's claim for punitive damages has not abated. Brown 706 F.3d at 299.

4. Nugatoriness of relief sought

Defendants finally urge that any of plaintiff's claims which survive under other provisions of N.C. Gen. Stat. § 28A-18-1 must abate pursuant to § 28A-18-1(b)(3) as any relief would be nugatory after death.[1] North Carolina courts have only applied this § 28A-18-1(b)(3) exception to prospective remedies. Brown 706 F.3d at 300. The retrospective monetary relief sought in this case is not nugatory. It can be enjoyed by plaintiff's estate. By contrast, examples of nugatory relief include an adjudication of incompetence for a deceased person, see In re Higgins, 160 N.C. App. 704, 587 S.E.2d 77 (2003); In re Nebenzahl, 193 N.C. App. 752, 671 S.E.2d 71 (2008), or a divorce from a deceased party, see Elmore v. Elmore, 67 N.C. App. 661, 313 S.E.2d 904 (1984).

Defendants maintain that plaintiff's claims are primarily reputational, personal to him, and should not survive. Defendants cite no North Carolina law, nor is the court aware of any, holding that claims for relief for reputational damages are an exception to North Carolina's default rule of survival of claims. Defendants merely cite Barnes Coal Corp. v. Retail Coal Merchants Ass'n., 128 F.2d 645 (4th Cir. 1942), for the general proposition that "the modern rule as to survivability . . . is

---

[1] Black's Law Dictionary defines nugatory as "[o]f no force or effect; useless; invalid."

9

that actions for torts in the nature of personal wrongs, such as slander, libel, malicious prosecution, etc., die with the person[.]" Id. at 649. Barnes, however, was merely reflecting on the general rule of survivability at the time, not considering the North Carolina law of survival of claims. Thus, the relief requested is not nugatory.

## CONCLUSION

Based on the foregoing, the motion to substitute is DENIED in part with respect to counts one and six, which abate pursuant to North Carolina law. The motion is GRANTED in remaining part as to counts four, nine, eleven, twelve, thirteen, fourteen, sixteen, seventeen, eighteen, nineteen, and twenty. Decedent's mother Elizabeth Sue Davis is hereby SUBSTITUTED as the recorded plaintiff in the above captioned action.

The court further ORDERS that a joint report from the parties be filed within twenty-one (21) days from date of entry of this order. Said joint report shall be considered with respect to this court's determination of what changes may be necessary to the current case schedule in order to promote the just, speedy, and inexpensive determination of the case at issue. Said report may, among other things, suggest deadlines for conduct of remaining discovery, and other pre-trial events aligned with those addressed in the case management order.

SO ORDERED, this the 11th day of March, 2013.

LOUISE W. FLANAGAN
United States District Judge