IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:12-CV-631-FL

| | |
|---|---|
| ELIZABETH SUE DAVIS, ADMINSTRATRIX OF THE ESTATE OF MARK E. McGILL, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE TOWN OF COATS, )<br>DUNCAN EDWARD JAGGERS, )<br>KELLY W. FIELDS, and ANDY C. LEE, in )<br>their individual capacities, )<br>)<br>Defendants. ) | **PROTECTIVE/PRODUCTION ORDER** |

THE PLAINTIFF DESIRES to inspect and copy prosecution files and records maintained by the Office of the District Attorney of the prosecutorial district encompassing Harnett County. Said files and records may be disclosed under court order, pursuant to N.C. Gen. Stat. § 132-1.4. As Plaintiff has subpoenaed said files and records, the Plaintiff and the District Attorney seek an order of protection and production for said files and records, which pursuant to N.C. Gen. Stat. § 132-1.4 may be produced under court order.

Upon consent motion of the Plaintiff [DE 97 ], IT IS HEREBY ORDERED THAT:

1. This Order and the documents discussed relate to the documents specified in the subpoena attachment attached to the Motion for Protective Order as Exhibit 1. [DE 97 - 1]

2. Any document or information obtained through this Order which is not publicly available and is asserted by the District Attorney to contain or constitute confidential information, shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL BY PROTECTIVE ORDER" or a comparable notice. (Such information shall be disclosed at any

1

hearing only to Court personnel and to counsel for the parties and their employees.) If a party objects to the designation of a document or information as being confidential, the objecting party shall notify the designating party in writing. The objecting party shall identify the information or document in question, and shall specify in reasonable detail the reason or reasons for the objection. Within five calendar days of the receipt of such notice, the designating party and objecting party shall meet and confer in an effort to resolve their differences. If the designating party and the objecting party cannot resolve their differences, either party may apply to the Court for a ruling. The confidentiality of the information shall be maintained until the Court rules otherwise.

3. In the absence of written permission from the District Attorney or his designee, or by an order by the Court, any confidential information or documents obtained in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than:

- (i) The Court and the employees thereof;
- (ii) Court reporters and stenographers engaged for the taking of testimony;
- (iii) Counsel for the parties to this action, including necessary secretarial, paralegal and clerical personnel assisting such counsel;
- (iv) Experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party;
- (v) During the course of a deposition or trial testimony, any witness, potential witness, deponent or potential deponent in this action. Any party may request that the witness or deponent agree on the record to be bound by this order, and if the

witness or deponent refuses, the requesting party may request a delay pending a motion to the Court;

    (vi)    Outside contractors hired to copy, index, sort, or otherwise manage the storage and retrieval of such information, provided that the contractor is advised that the documents are subject to a protective order; and

    (vii)    Any jurors or alternate jurors that may be empanelled for purposes of trial.

4. Confidential documents or information obtained in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(iv) through 3(vii) unless he or she shall have first read this Order and shall have agreed, by signing an undertaking in the form of Exhibit A hereto. No person designated in paragraph 3(iv) through 3(vii) receiving confidential documents pursuant to this Order shall be permitted to retain confidential documents or copies thereof in their possession.

5. If the Court orders, or if the District Attorney or his designee agrees, that access to, or dissemination of, documents or information obtained as confidential shall be made to persons not included in paragraph 3 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it.

6. Any confidential documents or information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

7. If confidential documents or information obtained in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this

disclosure to opposing counsel and the Court, and, without prejudice to other rights and remedies of the other party, make every reasonable effort to retrieve any documents or information disseminated and to prevent further disclosure by it or by the person who was the recipient of such information.

8. Upon final adjudication of this action, all confidential documents or information subject to the provisions of this order (including any copies made and/or computer materials made or stored) shall be (a) returned to the District Attorney or (b) the same (including copies made and/or computer materials made or stored) shall be destroyed. Each party, however, shall be permitted to retain copies of Court filings containing such documents, deposition transcripts and all of their respective work product, which shall continue to be subject to the provisions of this Order.

9. The District Attorney shall produce the subpoenaed prosecution files and records.

SO ORDERED, this the  12th  day of     November , 2013.

_____

LOUISE W. FLANAGAN

UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## UNDERTAKING TO BE BOUND

I, _____, declare as follows:

I acknowledge receipt of a copy of the Consent Protective Order (the "Protective Order") dated _____November 12\_, 2013 in *Davis v. Town of Coats et al.,* filed in the United States District Court for the Eastern District of North Carolina, Case no. No.: 5:12-CV-631-FL, and agree that I:

(1) will comply with and be bound by its provisions with respect to any information provided to me under the terms of this Protective Order;

(2) will not reveal any information provided to me under the terms of this Protective Order to anyone other such persons designated in paragraph 3 of this Order; and

(3) will utilize such confidential information solely for purposes of this litigation.

I further understand that if I fail to comply with the terms of the Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: _____, 201\_\_

_____ Signature

_____+ Printed Name

_____ Address

_____

_____ Position